```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CLYDE BREAZEALE                              CIVIL ACTION

VERSUS                                       NO: 14-2614

PARKING DRILLING COMPANY, ET                 SECTION: "J"(2)
AL.
```

## ORDER AND REASONS

Before the Court are a *Motion in Limine* **(Rec. Doc. 31)** filed by Defendant, Parker Drilling Company ("Defendant"), and an opposition thereto **(Rec. Doc. 32)** filed by Plaintiff, Clyde Breazeale ("Plaintiff"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED.**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This litigation arises from an injury suffered by Plaintiff on March 28, 2014. Defendant employed Plaintiff as a seaman on the Rig PD76-B. Plaintiff was stacking fifty-pound sacks of a powdered chemical on the ledge of a hopper in the mixer room. While lifting a sack, Plaintiff injured his back. (Rec. Doc. 1.) Plaintiff filed suit in this Court on November 14, 2014, alleging Jones Act negligence, unseaworthiness, and maintenance and cure claims.

1

Plaintiff underwent an L5-S1 fusion in April 2015. (Rec. Doc. 22.) Trial is set for August 15, 2016. (Rec. Doc. 25.) Defendant filed the instant motion on May 12, 2016. (Rec. Doc. 31.) Plaintiff opposed the motion on June 7. (Rec. Doc. 32.) Defendant subsequently filed a motion seeking the Court's leave to file a reply memorandum. (Rec. Doc. 34.)

## PARTIES' ARGUMENTS

In its motion, Defendant objects to two of Plaintiff's liability experts, Jack T. Mandeley and Captain Mitchell Stoller. First, Defendant argues that the experts' testimony will not assist the trier of fact because Plaintiff's injuries are subject to common sense understanding. Second, Defendant claims that the experts are not qualified because they lack experience in medicine, biomechanics, kinesiology, ergonomics, and occupational safety. Third, Defendant asserts that the experts base their opinions on inapplicable standards or regulations, such as the Occupational Safety and Health Administration (OSHA) workplace safety regulations, the American Society for Testing and Material (ASTM) lifting and carrying standards, the National Safety Council lifting recommendations, the National Institute of Occupational Safety and Health (NIOSH) lifting limits, and the American Bureau of Shipping (ABS) lifting requirements. Fourth, Defendant argues that the experts' opinions should be excluded because they provide

2

impermissible legal conclusions. Finally, Defendant asserts that the Court should exclude Plaintiff's experts because other courts have previously done so.

In his opposition, Plaintiff withdraws his designation of Mandeley as an expert witness, retaining Stoller as sole liability expert. First, Plaintiff claims that Stoller is qualified to testify as an expert witness. Plaintiff emphasizes that Stoller graduated first in his class from California Maritime Academy and served as a United States Coast Guard third mate, second mate, chief mate, and captain/master. Plaintiff argues that Stoller is trained and instructed in safety topics, including safe lifting and risk assessments. Further, Stoller is a member of associations and served on committees relating to marine work place safety. Stoller is experienced as a nonlitigation marine safety consultant to private companies and has consulted on maritime safety issues in litigation. Plaintiff acknowledges that Stoller is not an ergonomist. However, Plaintiff argues that Stoller has extensive maritime work experience and has gained experience about risk assessments and safety. Moreover, Plaintiff asserts that Stoller's opinions are relevant, reliable, and beyond the province of the jury. Even if Stoller relied on lifting standards that are not applicable to this case, Plaintiff argues that the standards are

3

admissible and reliable. Finally, Plaintiff notes that Courts have admitted opinions similar to Stoller's in factually similar cases.

## LEGAL STANDARD

Federal Rule of Evidence 702 imposes a special "gatekeeping" obligation on a trial judge to ensure that expert testimony or evidence is both relevant and reliable. Rule 702 provides that a witness who is qualified as an expert may testify if: (1) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) the expert's testimony "is based on sufficient facts or data"; (3) the expert's testimony "is the product of reliable principles and methods"; and (4) the principles and methods employed by the expert have been reliably applied to the facts of the case. Fed. R. Evid. 702.

The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), provides the analytical framework for determining whether expert testimony is admissible under Rule 702. Both scientific and nonscientific expert testimony are subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment of "whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

When expert testimony is challenged under *Daubert*, the party offering the expert's testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence. *Moore v. Ashland Chem. Co.*, 151 F.3d 269, 276 (5th Cir. 1998).

## DISCUSSION

Defendant criticizes Stoller's qualifications, the reliability of his testimony, the relevance of his opinion, and his alleged impermissible legal conclusions. The Court will address each issue in turn.

### I. Stoller's qualifications

To qualify as an expert, "the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)). Additionally, Rule 702 states that an expert may be qualified based on "knowledge, skill, experience, training, or education." *Hicks*, 389 F.3d at 524; *see also Kumho Tire Co.*, 526 U.S. at 147 (discussing witnesses whose expertise is based purely on experience). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss v.*

*Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods,* 163 F.3d 935, 937 (5th Cir. 1999)).

However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.* (citing *Daubert*, 509 U.S. at 596). "A lack of specialization should generally go to the weight of the evidence, rather than its admissibility." *United States v. Wen Chyu Liu*, 716 F.3d 159, 168 (5th Cir. 2013). "[V]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (quoting *Daubert*, 509 U.S. at 596). "Thus 'an expert witness is not strictly confined to his area of practice, but may testify concerning related applications; a lack of specialization does not affect the admissibility of the opinion, but only its weight.'" *Id.* (quoting *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1100 (10th Cir. 1991)).

According to Stoller's expert report, he is experienced in piloting, captaining, shipyard operations, navigation and towing safety, the International Safety Management Code, and "ergonomic issues" on vessels. (Rec. Doc. 32-1, at 14-21.) He had been tested on safety issues for the Board of Maritime Pilots of the State of

Oregon. He has completed several continuing education classes offered by the National Safety Council Occupational Safety and Health Services Unit. In 2008, he completed classes on job safety analysis and slips, trips, and falls. In 2004 and 2006, he completed ergonomics classes. Stoller is also a member of National Safety Council. Clearly, Stoller has at least some experience in and knowledge about maritime safety issues. Further, the opinions expressed in his report are not medical in nature. Stoller merely discusses lifting standards employed by several associations, applying the standards to the lifting performed by Plaintiff in this case. This testimony is within the bounds of his experience. Thus, Stoller is a qualified expert witness on this subject.

**II.   Reliability of Stoller's testimony**

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). A number of nonexclusive factors may be relevant to the reliability analysis, including: (1) whether the technique at issue has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific

7

community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see also Runnels v. Tex. Children's Hosp. Select Plan*, 167 F. App'x 377, 381 (5th Cir. 2006) ("[A] trial judge has considerable leeway in determining how to test an expert's reliability.") (internal quotation marks omitted).

Further, Rule 702 plainly requires that expert testimony be "based on sufficient facts or data." Fed. R. Evid. 702(b). Expert testimony is not based on sufficient facts or data when it lacks an evidentiary basis or factual support. *See Wilcox v. Max Welders, L.L.C.*, No. 12-2389, 2013 WL 4517907, at *1 (E.D. La. Aug. 22, 2013). On the other hand, "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996).

Defendant argues that Stoller bases his opinion on inapplicable lifting standards, including the American Society for Testing and Materials (ASTM) standards, the American Bureau of Shipping lifting requirements, and the United States Coast Guard's lifting

and carrying requirements. However, Stoller's report acknowledges that these standards do not apply. In fact, Stoller opines that Defendant was negligent because its lifting and carrying standards did not meet or exceed the recognized safety standards. (Rec. Doc. 32-1, at 12.) Stoller may testify about relevant standards in similar industries as long as a foundation is laid to demonstrate that the standards were derived from valid scientific methodologies.

### III. Relevance of Stoller's testimony

"[E]xpert testimony must be relevant, not simply in the sense that all testimony must be relevant . . . but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.,* 320 F.3d 581, 584 (5th Cir. 2003) (citing *Daubert*, 509 U.S. at 591-92). Under Rule 702, "an expert can be employed if his testimony will be helpful to the trier of fact in understanding evidence that is simply difficult, [though] not beyond ordinary understanding." *United States v. Downing*, 753 F.2d 1224, 1229 (3d Cir. 1985). Trial courts have broad discretion to decide "whether the jury could adeptly assess the situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).

Defendant argues that Stoller's testimony will not assist the trier of fact because the subject matter of his testimony is based on common knowledge. Additionally, Defendant points to *Alvarado v. Diamond Offshore Management Company*, in which a court of this District excluded expert testimony on the issue of whether the defendant violated its own safety procedures and federal regulations. No. 11-25, 2011 WL 4948031, at *3 (E.D. La. Oct. 18, 2011). In *Alvarado*, the plaintiff was injured when he lifted a sack of chemicals. *Id.* at *1. The Court found that the jury could use common sense and knowledge to determine whether the defendant violated the applicable safety procedures and whether lifting fifty to sixty pound sacks is unreasonably dangerous. *Id.* at *3.

However, Plaintiff argues that the issues in this case are more complex than the issues in *Alvarado*. Plaintiff points out that he is not seeking to prove that a simple lift is unreasonably dangerous. Instead, Plaintiff's theory of the case is that Defendant failed to train Plaintiff on lifting techniques, that Defendant should have provided assistance to Plaintiff in the form of additional manpower or mechanical assistance, and that Plaintiff's work assignment required him to lift from an unsafe position, which caused his injury. The Court agrees with Plaintiff that this case involves issues outside the province of the jury's common understanding. Moreover, "issues of ergonomic and

10

biomechanic safety are far less intuitive and are based on more technical information." *McMullen v. BP Expl. & Prod.*, No. 12-1206, 2013 WL 2556032, at *7 (E.D. La. June 10, 2013). Further, "the jury in this case is unlikely to be familiar with offshore rigs generally or chemical totes specifically." *Id.* Therefore, Stoller's testimony will be helpful to the trier of fact.

**IV. Legal conclusions and miscellaneous issues**

An expert witness may give opinions on "ultimate issues" of fact, presuming he is qualified to do so. Fed. R. Evid. 704. However, an expert witness may not make credibility determinations, offer conclusions of law, or "go beyond the scope of his expertise in giving his opinion." *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009); *see* Fed. R. Evid. 704. The Court finds that Stoller's opinions on ultimate issues are appropriately fact-based. Further, Stoller's report contains a disclaimer, which reads, "The opinions set forth here are not intended to be legal opinions." (Rec. Doc. 31-1, at 3.)

Finally, Defendant points out that Stoller has been excluded as an expert witness in other cases. Of course, this fact has no bearing on the Court's ability to accept him as an expert in this case. Defendant's objections notwithstanding, the Court finds that Stoller should be permitted to testify as an expert witness in this case.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion in Limine* **(Rec. Doc. 31)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's *Motion for Leave to File Reply* **(Rec. Doc. 34)** is **DENIED** as moot.

New Orleans, Louisiana this 17th day of June, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT